Date signed October 19, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: | : |
| TRACEY DENISE SUTSON | : Case No. 05-23688PM |
| Debtor | : Chapter 13 |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |
| CHASE HOME FINANCE LLC | : |
| Movant | : |
| vs. | : |
| TRACEY DENISE SUTSON | : |
| TYRONE SUTSON, JR. Co-Debtor | : |
| Respondents | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |

### MEMORANDUM OF DECISION

     This case is before the court on the Motion of Chase Home Finance LLC ("Chase") to annul the stay of 11 U.S.C. § 362(a) as to validate a foreclosure sale said to have taken place June 14, 2005. The record does not reflect the time of the foreclosure sale, however, this bankruptcy case was filed on June 14, 2005 at about 9:01 a.m. If the foreclosure sale took place first, prior to the bankruptcy filing, then under the holding of this court in such cases as *In re Denny*, 242 B.R. 593 (BC Md. 1999), and *In re De Souza*, 135 B.R. 793 (BC Md. 1991), the sale would be valid, although the stay of 11 U.S.C. § 362(a) would have to be modified so as to enable the moving party to proceed in State court to obtain a final order of ratification of the sale. In the absence of competent evidence to the contrary, the court finds that the bankruptcy filing took place prior to the foreclosure sale. Therefore the sale was in violation of the automatic stay of 11 U.S.C. § 362(a) and is a nullity.

There is no question that the present bankruptcy filing is an abusive use of the bankruptcy process. It is the fourth filing in a series of cases all designed to prevent the creditor from exercising its rights of foreclosure. The Motion for Relief from Stay details these filings: one by Debtor's spouse, and three by the Debtor. All of these cases were filed immediately before pending foreclosure sales.

The moving party urges that this bankruptcy case under Chapter 13 should not have been received by the Clerk as it appears to be in violation of the Order of this court entered April 7, 2005, dismissing Debtor's prior case under Chapter 13, Case No. 05-16103. At the foot of the Order is a statement that § 109(g)(2) is applicable, and "the above-named debtor(s) may not file another bankruptcy petition for 180 days after the date this Order is entered." The Clerk's statement is inapplicable to the case. Section 109(g)(2) provides:

> **11 U.S.C. § 109.  Who may be a debtor**
>
> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if--
> \*          \*          \*          \*          \*
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

However, when Debtor moved to dismiss that case on April 5, 2005, the moving party in the instant case had not even entered an appearance in that case, and no creditor had filed a request for relief from the automatic stay. Therefore, 11 U.S.C. § 109(g)(2) was not applicable in Case No. 05-16103.

The court must therefore deny the Motion Seeking Annulment of Automatic Stay and Co-Debtor Stay without prejudice to the filing a motion to terminate the stay. An appropriate order will be entered.

cc:
L. Darren Goldberg, Esq., 803 Sycolin Road, Suite 301, Leesburg, VA 20175
Tracey D. Sutson, 6102 Osborn Road, Hyattsville, MD 20785
Tyrone Sutson, Jr., 6102 Osborn Road, Hyattsville, MD 20785
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902

**End of Memorandum**